UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In the Matter of the Complaint of

STEVE BOHLMANN, and FRAN BOHLMANN, as Owners of that certain SEA RAY Boat, Registration Number CF 5582 PZ,

        Plaintiffs,

For Exoneration From or Limitation of Liability,

NO. CIV. S-04-0205 WBS DAD

O R D E R

----oo0oo----

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for August 1, 2005, and makes the following findings and orders:

        I.    SETTLEMENT CONFERENCE

The parties have apprised the court that a final written settlement agreement was executed by all necessary persons and parties to this case in March 2005. Conditions precedent to fulfilling the terms of the settlement agreement were completed and settlement funds were deposited into an

escrow account.  The parties represent that the settlement agreement is a "global settlement" in the sense that it covers both the instant lawsuit in this court as well as a related lawsuit in state court and ultimately establishes the basis for obtaining probate court approval of the settlement agreement.

However, the parties state that there are certain conditions subsequent to the full performance of the settlement agreement.  Those conditions require either (1) an executed agreement between the claimants in this action setting forth their stipulation to an allocation of the settlement proceeds between them, or (2) a final judgment which specifies that allocation.  Since the finalization of the settlement agreement, claimants Patricia C. Huestess and Bradley Charles Mathison have been unable to agree on the allocation of the settlement proceeds.

The parties have thus requested the court's assistance in addressing and resolving the allocation issue between the claimants so that an agreement or judgment for such allocation can be obtained and the parties may pursue final probate court approval of the settlement.

The court is reluctant to interject itself into a settlement agreement by entering a judgment as to the proper allocation of the proceeds between any of the claimants.  However, in the interests of promoting settlement of the case, the court will set a Settlement Conference regarding the issue for September 8, 2005 at 10 a.m. before Magistrate Judge Dale. A. Drozd in Courtroom No. 27.  Counsel are instructed to have a principal with full settlement authority present at the

Settlement Conference or to be fully authorized to settle the allocation issue on any terms.  At least seven calendar days before the Settlement Conference, counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  Those statements shall not be filed and will not otherwise be disclosed to the trial judge.

IT IS SO ORDERED.

DATED:  July 27, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE